STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK, SS.                          CARIBOU
                                        Doc. No. CARSC-RE-2022-40


NorState Federal Credit Union

                    Plaintiff

v.
                                        Order on Motion for
                                        Summary Judgment

Amy Levesque
and
Logan Fontaine
                    Defendants

And

Norstate Federal Credit Union

                    Party-in-interest

Plaintiff has filed a motion for summary judgment regarding a residential mortgage loan in this matter. After consideration of Plaintiff's motion, Plaintiff's Affidavit, Plaintiff's Exhibits A-E, and Plaintiff's Statement of Material Facts, the court issues the following order:

This matter involves the foreclosure of a mortgage related to owner occupied real estate. The Defendants executed and delivered to Plaintiff a promissory note in the principal sum of $44,550.00 on April 22, 2010 (hereinafter the Note). To secure repayment of the Note, the Defendants executed and delivered to Plaintiff a mortgage deed in favor of Plaintiff, which mortgage deed is recorded in the Northern Aroostook County Registry of Deeds at Book 1676, Page 159 (hereinafter the Mortgage). Plaintiff contends that the Defendants are in

1

default of the terms of the Note and Mortgage and have failed to cure the default after the notice of right to cure. Plaintiff commenced this foreclosure action and now seeks a foreclosure judgment.

## Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. The facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. When a party moves for summary judgment in a residential mortgage foreclosure action, Maine Rule of Civil Procedure 56(j) requires the court to independently determine whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. *M.R. Civ. P. 56(j)*; *Chase Home Finance, LLC v. Higgins*, 2009 ME 136 ¶11, 985 A.2d 508.

## Analysis

For a judgment of foreclosure to be granted, there are eight required elements:

1. the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

2

2. properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;

3. a breach of condition in the mortgage;

4. the amount due on the mortgage note, including any reasonable attorney fees and court costs;

5. the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

6. evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

7. after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

8. if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶11. "A plaintiff seeking a foreclosure judgment 'must comply strictly with all steps required by statute.'" *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, P18, 96 A.3d 700, 708 (Citing, Id.)

The notice of default and mortgagor's right to cure must be in strict compliance with the 14 M.R.S.A. §6111, as this matter involves owner occupied residential property. *14 M.R.S.A. §6321* ("The mortgagee shall further certify and provide evidence that all steps mandated by law to provide notice to the mortgagor pursuant to section 6111 were strictly performed."). 14 M.R.S. §6111 provides in pertinent part:

"1. With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for

3

personal, family or household use, the mortgagee may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least *35 days after the date that written notice pursuant to subsection 1-A* is given by the mortgagee to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.

1-A. Contents of notice. A mortgagee *shall* include in the written notice under subsection 1 the following:

. . .

B. An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;

. . .

H. A statement that the total amount due does not include any amounts that become due after the date of the notice.

. . .

2-A. Notice procedure. Notice by a mortgagee is governed by this subsection.

A. A mortgagee shall provide notice to a mortgagor and any cosigner under this section to the last known addresses of the mortgagor and cosigner by both:

    (1) Certified mail, return receipt requested; and

    (2) Ordinary first-class mail, postage prepaid.

B. For purposes of this subsection, the time when the notice is given to the mortgagor or cosigner is the sooner of:

    (1) The date the mortgagor or cosigner signs the receipt or, if the notice is undeliverable, the date the post office last attempts to deliver it under paragraph A, subparagraph (1); and

4

> (2) The date the mortgagor or cosigner receives the notice under paragraph A, subparagraph (2).
>
> A post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 7th calendar day after mailing notice as provided under paragraph A, subparagraph (2).

*Id. Emphasis added.*

Plaintiff's Exhibit "C" reflects notices of the right to cure the default to both Amy Levesque and Logan Fontaine. Neither of the notices include a statement that the total amount due does not include any amounts that become due after the date of the notice. *Id. at H.* Exhibit "C" shows a notice of right to cure default dated June 22, 2022. The notice provides that the Defendants had until July 27, 2022 to cure the default. July 27, 2022 is 35 days from the date of the notice, June 22, 2022.

Exhibit "C" and the attachments reflect that the regular mail notice to Amy Levesque was postmarked on June 23, 2022. There was no post office certificate of mailing for this particular mailer to Amy Levesque. The notice was returned to sender with a post mark of June 25, 2022.

It appears that the Plaintiff sent two notices to Amy Levesque by certified mail, return receipt requests, pursuant to the statute. The notice sent in this fashion to the Madawaska address of Amy Levesque was returned to sender, with a post mark of June 24, 2022. The notice sent in this fashion to the Grand Isle address of Amy Levesque was returned to sender, with a post mark of July 9, 2022. The notice was thereafter forwarded by certified mail, return receipt requested, on July 22, 2022. Amy Levesque signed for the mailer, but the date of the signature is

5

not clear. What is clear is that it could not have been before July 22, 2022. Even assuming it was received on July 22, 2022, she was provided 5 days to cure the default, as opposed to 35 as required by statute. Any way that the timing is analyzed, Plaintiff has failed to show strict compliance with the notice requirements set forth in 14 M.R.S. §6111 as to Amy Levesque.

Turning to Logan Fontaine, Exhibit "C" reflects that the notice was sent by certified mail, return receipt requested on June 22, 2022. Logan Fontaine signed the receipt of the notice on June 27, 2022. There is no evidence, aside from the assertion in the affidavit, that the notice was also provide by ordinary first-class mail. Logan Fontaine received 30 days notice of his right to cure the default. Plaintiff has failed to show strict compliance with the notice requirements set forth in 14 M.R.S. §6111 as to Logan Fontaine.

Based on the foregoing, the court finds that the Plaintiff has failed to sustain its burden of proof. Plaintiff's Motion for Summary Judgment is **DENIED**.

The Clerk is directed to incorporate this order by reference on the docket for the case pursuant to Maine Rule of Civ. Proc. 79(a).

Dated: 11/28/2022

Justice, Maine Superior Court

6